DELAWARE RIVER QUARRY AND CONSTRUCTION COMPANY, APPELLANT, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUNTERDON, RESPONDENT.

Submitted March 23, 1914—Decided June 19, 1914.

Where the plaintiff sued for a balance due on a contract for the construction of a public road, and the defendant pleaded non-performance and a counter-claim for damages, without alleging the failure of the plaintiff to procure the certificates of certain public officials as a condition precedent to payment—*Held*, that the failure to plead the condition precedent, precluded the defendant from insisting upon it at the trial as a bar to recovery.

---

On appeal from the Supreme Court.

For the plaintiff, *Fort & Fort.*

For the defendant, *Harry L. Stout* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

MINTURN, J.    The appeal in this case brings before the court for review a judgment of the Supreme Court in a suit brought against the board of chosen freeholders of the county of Hunterdon, to recover a balance due upon a contract for

the construction of the Whitehouse-Lebanon road in that county.

A contract for this work was entered into on the 13th day of November, 1909. The character of the construction was known as trapite. The specifications provided for the details of the construction, and also provided as to the mixture of which trapite should consist.

The contract price was $51,173.45 and payments were to be made monthly in accordance with the seventy-third paragraph of the specifications, not to exceed eighty per cent. of the amount of work done in each month. The certificates for payment were to be made by the engineer and supervisor of the work. Fifteen per cent. was to be paid on the completion of the work, and the acceptance of the same in writing by the board of chosen freeholders and the state commissioner of public roads. The remaining five per cent. was to be retained by the board of chosen freeholders for a period of one year, as security for the faithful performance of section 58 of the specifications, which provided for the keeping of the road in repair for a period of one year from the date of its completion.

The plaintiff claims the work was completed in accordance with the contract, on or about December 1st, 1910. Regular monthly payments on account were made to the contractor, on certificates signed by the engineer and supervisor, amounting to $40,716.94, the last of these payments being made November 30th, 1910, leaving a balance due on the contract price, to recover which this suit was brought, of $12,765.57, besides some extra work, which was not disputed.

At the trial the plaintiff contended that the work had been completed in entire compliance with the terms of the contract and specifications; that the year during which the plaintiff was required to keep the road in repair had expired, and that the balance of the contract price remaining unpaid was due and payable.

The case was tried before the court, without a jury, and the court found against the plaintiff on its claim for the balance of the contract price, upon the sole ground that there

could be no recovery for this balance against the defendant until the plaintiff had produced an acceptance, in writing, of the work done by the board of chosen freeholders and the state commissioner of public roads.

The only issue presented by the pleadings in the case was whether the contract under consideration had been properly performed by the plaintiff. The defendant denied that the work provided for therein was completed and emphasized that question as the sole and only issue in the case, by alleging a counter-claim for $20,000 damages for defective performance.

The learned trial court quite manifestly misconceived this issue and determined the case upon a collateral question, in nowise within the legitimate region of controversy, under the pleadings.

The seventy-third section of the contract provided that the payments provided therein should be made "upon the completion of the work and the acceptance of the same in writing, by the board of chosen freeholders and the state commissioner of public roads." Compliance with this provision of the contract was not put in issue since it was not made a basis of defence by the pleadings.

The plaintiff alleged performance, and the defendant met the allegation simply by a denial and a special claim for damages for defective performance. The provision of the contract alluded to, requires the performance of a condition precedent, but to avail itself of this condition, as a defence to the action, it was necessary that the defendant should specially plead it, and this it failed to do, and hence the question was eliminated from controversy in the case. *Practice act,* § 118, *Pamph. L.* 1903, *p.* 570; *New Practice act, Pamph. L.* 1912, *p.* 391; *Dimick* v. *Metropolitan Life Ins. Co.,* 67 *N. J. L.* 367.

Eliminating this inquiry from the controversy, the only issue for determination was that of performance. The plaintiff insisted that there had been a substantial performance of the contract, and if that were the established fact, he was entitled under the pleadings to recover so much of the con-

tract price as would remain after deducting a sufficient amount from the claim as would enable the defendant to complete the work in accordance with the terms of the contract. *Feeney* v. *Bardsley,* 66 *N. J. L.* 239.

The case upon which the learned trial court relied in disposing of the question at issue did not present the contention here suggested, as a defence to the action.

The case of *Chism* v. *Schipper,* 51 *N. J. L.* 17, was decided upon a demurrer to a declaration based upon a building contract, containing the usual provision requiring the production of the architect's certificate, whose decision as to completion of the work was made a condition precedent.

The declaration alleged in legal effect a practical compliance with the condition, by setting up the fraud of the architect, and the only question considered was whether in legal effect such an allegation was in compliance with the legal requirement, which demanded from the pleader an allegation of performance of the condition, as *sine qua non* to recovery.

In the case of *Curley* v. *Freeholders of Hudson,* 66 *N. J. L.* 401, the question was not raised and does not seem to have entered into the decision.

The result is that this judgment must be reversed and a *venire de novo* awarded, in so far only as it denies to the plaintiff recovery for the contract work, and since there was no dispute regarding the value of the extra work, the judgment entered for that amount will be affirmed.

*For affirmance in part*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.

*For reversal in part*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.